IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30898
Summary Calendar
_____

TERRY J. DORE,

                                        Plaintiff-Appellant,

versus

MOVABLE PLATFORMS, INC., ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-1315 E
- - - - - - - - - -
August 29, 1997
Before REAVLEY, KING and DAVIS, Circuit Judges

PER CURIAM:[*]

     Terry J. Dore has appealed the district court's refusal to order a new trial in his Jones Act case.  Dore contends that the district court erred in permitting defense counsel to exhibit to the jury poster-sized enlargements of job descriptions contained in the occupational titles handbook, which were not in evidence. Dore contends that he was prejudiced because the trial court had excluded testimony by his vocational expert and he was not able to rebut defendant's argument.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's refusal to grant a new trial is reviewed for an abuse of discretion.  Maldonado v. Missouri Pacific Ry. Co., 798 F.2d 764, 771 (5th Cir. 1986).  "When counsel for either party makes an improper statement during trial, this court must determine whether the remark impaired a substantial right of the objecting party."  Winter v. Brenner Tank, Inc., 926 F.2d 468, 473 (5th Cir. 1991) (internal quotation marks omitted).  To warrant a new trial, counsel's misconduct must be so pronounced and persistent that it permeates the entire proceeding.  Id.  Dore failed to object to the demonstrative aids and to counsel's closing argument and did not move the trial court for a mistrial.  See id. (failure to move for mistrial suggests that any lingering prejudice was minimal) (citing United States v. Diaz-Carreon, 915 F.2d 951, 959 (5th Cir. 1990)); see also Maldonado, 798 F.2d at 771 (litigant's failure to move for a mistrial may be a factor favoring affirmance).  The trial court instructed the jury that it should decide the case on the evidence.  The district court did not abuse its discretion in denying the motion for a new trial.

AFFIRMED.